**AKERMAN LLP**
MARISSA ALGUIRE (SBN 249755)
MOJAN ANARI (SBN 298865)
FELIPE GOMEZ (SBN 346276)
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: marissa.alguire@akerman.com
mojan.anari@akerman.com

*Attorneys for Defendant*
AGI CARGO, LLC, fka ALLIANCE GROUND INTERNATIONAL, LLC (erroneously sued as AGI CARGO, LLC, a limited liability company doing business as ALLIANCE GROUND INTERNATIONAL)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EDGAR CHANDLER, an individual and on behalf of all others similarly situated class members

Plaintiff,

v.

AGI CARGO, LLC, a limited liability company doing business as ALLIANCE GROUND INTERNATIONAL; and DOES 1 through 50, inclusive,

Defendant,

Case No. 2:26-cv-10078

[Superior Court of California, Los Angeles County Case No. 26STCV23686]

**PUTATIVE CLASS ACTION**

**DEFENDANT AGI CARGO, LLC'S NOTICE OF REMOVAL**

[28 U.S.C. §§ 1332, 1367, 1441, 1446, 1453]

*[Concurrently filed with Civil Cover Sheet; Corporate Disclosure Statement; Certification of Conflicts and Notice of Interested Parties; and Declarations of Brandy Frazier and Marissa Alguire]*

Complaint Filed: July 27, 2026
Trial Date: None

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

Page

I. STATEMENT OF JURISDICTION ....6
II. SUMMARY OF PLEADINGS, PROCESS, AND ORDERS ....6
III. THE REMOVAL IS TIMELY ....7
IV. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ....8
A. The Purported Class Contains at Least 100 Members ....9
B. There is Diversity of Citizenship Between at Least One Proposed Class Member and One Defendant ....9
C. The Alleged Amount in Controversy Exceeds $5,000,000 ....13
V. STATEMENT OF SUPPLEMENTAL JURISDICTION ....21
VI. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED ....21
VII. CONCLUSION ....22

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Albrego v. Dow Chemical Co.*,
443 F.3d 676 (9th Cir. 2006) ....................13

*Armstrong v. Church of Scientology Int'l*,
243 F.3d 546 (9th Cir. 2000) ....................11

*Boon v. Allstate Ins. Co.*,
229 F. Supp. 2d 1016 (C.D. Cal. 2002) ....................11

*Brady v. Mercedes-Benz USA, Inc.*,
243 F. Supp. 2d 1004 (N.D. Cal. 2002) ....................20

*Brinker v. Superior Court*,
53 Cal. 4th 1004 (2012) ....................17, 18

*Campbell v. Vitran Exp., Inc.*,
471 F. App'x 646 (9th Cir. 2012) ....................15

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413 (9th Cir. 2018) ....................21

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S.Ct. 547 (2014) ....................14

*Executive Software v. U.S. Dist. Court*,
24 F.3d 1545 (9th Cir. 1994) ....................22

*Ferrell v. Express Check Advance of SC LLC*,
591 F.3d 698 (4th Cir. 2010) ....................12

*Franco v. E-3 Sys.*,
Case No. 19-CV-01453-HSG, 2019 WL 6358947 (N.D. Cal. Nov. 8, 2019) ....................22

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
899 F.3d 785 (9th Cir. 2018) ....................20, 21

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) ....................20

*Guglielmino v. McKee Foods Corp*.,
506 F.3d 696 (9th Cir. 2007) ....................20

*Harrington v. Mattel, Inc.*,
2007 WL 4556920 (N.D. Cal. Dec. 20, 2007) ....................12

*Hertz Corp. v. Friend*,
130 S. Ct. 1181 (2010) ........ 13

*Hurd v. American Income Life Insurance*,
2013 WL 5575073 (C.D. Cal. Oct. 13, 2013) ........ 20

*Jack v. Ring LLC*,
553 F. Supp. 3d 711 (N.D. Cal. 2021) ........ 12

*Johnson v. Kadiant LLC*,
Case No. 2:24-cv-01372-DC-CKD, 2024 WL 4616148 (E.D. Cal. Oct. 30, 2024) ........ 12, 13

*Landy v. Pettigrew, Inc.*,
Case No. 2:19-cv-07474-RGK-AFM, 29 ........ 22

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) ........ 12

*Melendez v. HMS Host Family Restaurants, Inc*.,
2011 WL 3760058 (C.D. Cal. Aug. 25, 2011) ........ 20

*Newcombe v. Adolf Coors Co*.,
157 F.3d 686 (9th Cir. 1998) ........ 13

*Ramirez v. Carefusion Resources, LLC*,
Case No. 18-cv-2852-BEN-MSB, 2019 WL 289790 (S.D. Cal. Jul. 5, 2019) ........ 12

*Rhoades v. Progressive Casualty Ins*.,
Co., 410 F. App'x 10 (9th Cir. 2010) ........ 16

*Singer v. State Farm Mutual Auto Ins. Co*.,
116 F.3d 373 (9th Cir. 1997) ........ 15

*Smith v. Simmons*,
No. 1:05-CV-01187-022-GS, 2008 WL 744709 (E.D. Cal. Mar. 18, 2008) ........ 12

*State Farm Fire & Cas. Co. v. Byrd*,
710 F. Supp. 1292 (N.D. Cal. 1989) ........ 13

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
19 F.3d 514 (10th Cir. 1994) ........ 11

*Unger v. Del E. Webb Corp.*,
233 F. Supp. 713 (N.D. Cal. 1964) ........ 13

*Washington v. Hovensa LLC*,
652 F.3d 340 (3rd Cir. 2011) ........ 11

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**Statutes**

28 U.S.C. § 84(c) ....................................................................................................8, 22

28 U.S.C. § 1332.................................................................................................... passim

28 U.S.C. § 1367.......................................................................................................6, 21

28 U.S.C. §1441..................................................................................................... passim

28 U.S.C. § 1446.................................................................................................... passim

28 U.S.C. § 1453.......................................................................6, 9_BA_Cite_7CAFB7_000122

Class Action Fairness Act of 2005.......................................................................... passim

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that AGI Cargo, LLC, formerly known as Alliance Ground International, LLC (erroneously sued as AGI CARGO, LLC, a limited liability company doing business as ALLIANCE GROUND INTERNATIONAL) ("Defendant" or "AGI") hereby respectfully removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, and 1453.

## I. STATEMENT OF JURISDICTION

1. Removal is proper because this Court has original jurisdiction under 28 U.S.C. § 1332, the Class Action Fairness Act of 2005 ("CAFA"), which provides that a putative class action is removable to federal court if the proposed class consists of at least 100 members; the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and one member of the proposed class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d). As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice. Defendant removes this action pursuant to diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1332(d)(10), 1441, 1446, 1453, and pursuant to supplemental jurisdiction under 28 U.S.C. § 1367.

## II. SUMMARY OF PLEADINGS, PROCESS, AND ORDERS

2. On or about July 27, 2026, Plaintiff Edgar Chandler ("Plaintiff") filed a Class Action Complaint in the Superior Court of State of California in and for the County of Los Angeles, entitled *Edgar Chandler v. AGI Cargo LLC*, Case No. 26STCV23686 (hereinafter the "State Court Action"). Plaintiff asserts the following ten causes of action on behalf of himself and a putative class: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4)

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Failure to Provide Rest Periods; (5) Failure to Pay Wages Upon Discharge of Employment / Waiting Time Penalties; (6) Failure to Provide Accurate Itemized Wage Statements; (7) Failure to Keep Requisite Payroll Records; (8) Failure to Reimburse Business Expenses; (9) Failure to Pay Sick Pay; and (10) Unfair Business Competition (Bus. & Prof. Code § 17200 et seq.)

3. A copy of the Summons and Complaint was served on August 6, 2026 by process server on AGI's registered corporate agent for service of process, whose address is 555 Capitol Mall Suite 1150, Sacramento, California 95814. *See* Declaration of Brandy Frazier ("Frazier Decl."), ¶ 3. True and correct copies of all process, pleadings, and orders filed in this action are attached as **Exhibit 1** through **Exhibit 11** to the Declaration of Marissa Alguire ("Alguire Decl.") and are incorporated herein by reference as if set forth in full.

4. To AGI's knowledge, as of the date of this Notice of Removal, AGI has been served with a copy of the Summons and Complaint. Defendant Does 1 through 50 are presently unnamed and unknown and, therefore, have not been served with the Summons and Complaint. Complaint, ¶¶ 7-8.

5. There is an Initial Case Management Conference scheduled for November 24, 2026 in the State Court Action. There are no hearings or other proceedings in the State Court Action, and AGI has not received or filed any papers or pleadings in the State Action other than those attached hereto as **Exhibit 1** through **Exhibit 11** to the Declaration of Marissa Alguire, and incorporated herein by reference as if set forth in full.

## III. THE REMOVAL IS TIMELY

6. This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b). Plaintiff filed his Complaint in Los Angeles County Superior Court on July 27, 2026. AGI was served with the Complaint on August 6, 2026. AGI is filing this Notice of Removal within thirty days

of service of the Summons and Complaint. Accordingly, this Notice of Removal is timely. Alguire Decl., ¶¶ 4-5.

7. No previous Notice of Removal has been filed or made with this Court for the relief sought.

## IV. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8. Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

9. Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to a class action in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more. 28 U.S.C. § 1332(d)(5).

10. The State Court Action is a civil action over which this Court has jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and one defendant.

11. Venue lies in the United States District for the Central District of California, pursuant to 28 U.S.C. §§ 84(c), 1441, and 1446(a). This action was originally brought in Los Angeles County Superior Court, which is located within the Central District of California. Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12. Defendant is the only defendant that has been named and served in this matter.

13. Plaintiff defines the proposed class as "All current and former non-exempt employees who worked for any of the Defendant within the State of California at any

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

time during the period from four years preceding the filing of this Complaint to final judgment." Complaint ¶ 10[1]. Plaintiff additionally seeks certification of subclasses relating to rest periods, meal periods, overtime, reimbursement, overtime regular rate, sick pay regular rate, meal and rest break premium regular rate, and waiting time penalties. Complaint ¶ 11(a)-(h)

**A. The Purported Class Contains at Least 100 Members**

14. The Complaint alleges that the proposed class is sufficiently numerous because "[t]he members of the Class are so numerous that joinder of all members would be impractical, if not impossible" and that class members are ascertainable through Defendant's payroll records. Complaint ¶ 12.

15. Based on a review of its business records, AGI has determined that the aggregate number of Class Members is approximately 3,481. Frazier Decl., ¶ 7(a). Therefore, there are well over 100 members in the purported class.

**B. There is Diversity of Citizenship Between at Least One Proposed Class Member and One Defendant**

16. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states, since Plaintiff is a citizen of California,

[1] A prior class action settlement in *Joana Flores, et al. v. Alliance Ground International, LLC,* Los Angeles County Superior Court Case No. 21TRCV00424, fully subsumes Plaintiff's employment and significantly shortens Plaintiff's proposed class period. In *Flores*, the settlement period covers January 27, 2019 through December 31, 2024, and releases all of the claims alleged in the instant action in that timeframe. Earlier-filed related overlapping wage-and-hour class and/or PAGA matters involving AGI Cargo, LLC, including *Manuel Hernandez Juarez v. AGI Cargo, LLC*, Los Angeles County Superior Court Case No. 24STCV16074, *Marciano Banket v. AGI Cargo, LLC*, Los Angeles County Superior Court Case Nos. 24STCV26778 and 24STCV33641, and *Jaylen Gumbs v. AGI Cargo, LLC,* Los Angeles County Superior Court Case No. 26STCV00991, removed to USDC Case No. 2:26-cv-02833-ODW-DSR and *Devin Mangrum v. AGI Cargo,* LLC, Los Angeles County Superior Court Case No. 26STCV10367, removed to USDC Case No. 2:26-cv-06410, have likewise implicated overlapping claims, periods, and putative employee populations. *Juarez, Banket, and Gumbs* are currently stayed, and AGI plans to seek similar relief in *Mangrum.* AGI reserves all rights to seek appropriate relief based on *Flores* and/or all other overlapping, earlier-filed class actions, including a stay, motion to dismiss, narrowing of the putative class period, or other case-management relief once warranted.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

while Defendant is a citizen of the states of Delaware and Florida. Frazier Decl., ¶ 4; Complaint ¶¶ 4, 24.

17. **Plaintiff's Citizenship.** For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

18. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id*.

19. Defendant is informed and believes that Plaintiff is, and was at the time of the institution of this civil action, a citizen and resident of the State of California and worked for AGI in Los Angeles, California. Frazier Decl., ¶ 6; Complaint ¶¶ 3, 4, 23-24. Plaintiff alleges he worked as a non-exempt ramp agent from approximately February 20, 2024 through April 11, 2024 in Los Angeles County and brings claims on behalf of employees who worked for AGI in California. Complaint, ¶¶ 3, 4, 10, 23-24. In addition, AGI's records reflect that Plaintiff maintained a residential address in California during his employment. Frazier Decl. ¶ 6. These facts establish, at minimum, that Plaintiff was domiciled in California for purposes of CAFA. Plaintiff does not allege that he was a citizen of any state other than California. The allegations by Plaintiff and the accompanying Declaration of Brandy Frazier establish, at minimum, that he is a citizen of the State of California for purposes of CAFA. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity citizenship); *see also Smith*

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*v. Simmons,* No. 1:05-CV-01187-022-GS, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (alleged place of residence provides "prima facie" proof of domicile). Thus, Plaintiff was domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

20. **Defendant's Citizenship.**[2] AGI is now, and was at the time this action was commenced, a citizen of the states of Delaware and Florida within the meaning of 28 U.S.C. § 1332. Frazier Decl., ¶ 4. Defendant is a limited liability company ("LLC") organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Florida. *Id.*

21. An LLC is a citizen of the State under whose laws it is organized and the State where it has its principal place of business. *Ferrell v. Express Check Advance of SC LLC,* 591 F.3d 698, 700 (4th Cir. 2010), (holding an LLC "is an 'unincorporated association' as used in § 1332(d)(10), whose citizenship is that of the State under whose laws it is organized and the State where it has its principal place of business."); *Johnson v. Kadiant LLC*, Case No. 2:24-cv-01372-DC-CKD, 2024 WL 4616148, at *3 (E.D. Cal. Oct. 30, 2024) ("this court joins the majority of courts that have addressed the issue and likewise concludes that an LLC is an 'unincorporated association' for CAFA purposes."); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (analyzing LLC as an unincorporated association under CAFA); *Ramirez v. Carefusion Resources, LLC*, Case No. 18-cv-2852-BEN-MSB, 2019 WL 289790, at * 2 (S.D. Cal. Jul. 5, 2019) (same and reasoning "to apply the traditional diversity rule holding that LLCs are citizens of every state in which their members are domiciled would likely undermine Congress's intent 'to facilitate adjudication of certain class actions in federal court' by

[2] CAFA's "home state" exception does not apply to this case. The home state exception requires: (1) two-thirds or more of the members of the proposed class in aggregate to be citizens of the state in which the action is filed; and (2) all the "primary defendants" to be citizens of the state in which the action is filed. (28 U.S.C. § 1332(d)(4)(B); *Harrington v. Mattel, Inc.,* 2007 WL 4556920, *5 (N.D. Cal. Dec. 20, 2007)). At a minimum, Defendant is alleged as the only, and therefore, a primary Defendant, and is a citizen of Florida and Delaware. Similarly, CAFA's "local controversy" exception is not applicable because AGI is not a citizen of California and, thus, all requirements per 28 U.S.C. § 1332(d)(4) cannot be met.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

excluding from federal adjudication the vast majority of class actions brought against LLCs.") (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).) Thus, an LLC is a citizen of the State under whose laws it is organized and the State where it has its principal place of business. *Johnson*, 2024 WL 4616148, at *3 (citing 28 U.S.C. § 1332(d)(10)).

22. In *Hertz Corp. v. Friend,* the United States Supreme Court held that the "nerve center" test is used to determine the "principal place of business." 130 S. Ct. 1181, 1192 (2010). To this end, the Court reasoned that the entity's "nerve center" is normally located where the entity maintains its corporate headquarters and where the entity's "officers direct, control, and coordinate the corporation's activities." *Id*. Defendant's principal place of business is indisputably Florida based upon the following factors[3]: (1) it is where the company's home office is located; (2) where the direct, control, and coordination of the company business activities takes place; (3) where high-level executives and administrative operations are managed and operated; (4) where policy decisions are made; and (5) where the administrative and financial records are kept. Frazier Decl., ¶ 4.

23. **<u>Doe Defendants</u>.** Plaintiff has also named as Defendants Does 1 through 50. For the purposes of removal based on diversity, the citizenship of these "Doe" defendants shall be disregarded. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998) (same). The existence of the alleged Doe Defendants thus does not impact this Court's removal jurisdiction. *Albrego v. Dow Chemical Co.,* 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied to CAFA removal).

---

[3] These factors have previously been considered by courts in determining an entity's "nerve center." *See, e.g., Unger v. Del E. Webb Corp.,* 233 F. Supp. 713, 715 (N.D. Cal. 1964); *see also, State Farm Fire & Cas. Co. v. Byrd,* 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**C. The Alleged Amount in Controversy Exceeds $5,000,000**

24. Pursuant to CAFA, the articulated claims of all class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(6). Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.,* damages, injunctive relief, or declaratory relief)." Staff of S. Comm. On the Judiciary, 109th Cong. *Rep. on The Class Action Fairness Act of 2005*, 42 (Comm. Print 2005). Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubt regarding the applicability of CAFA and maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42-43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.")

25. A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

26. In assessing the amount in controversy, a court must "assume that the allegations of the Complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the Complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley*

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a reasonable number of rest period violations per class member per pay period. *Vitran*, 471 Fed. App. at 648. Noting that the plaintiffs alleged that their claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiffs' claimed damages by the number of putative class members in order to meet the amount in controversy requirement. *Id.* at 649. In addition to the allegations of the complaint, a district court may consider the contents of the removal petition and any supporting evidence in determining whether the jurisdictional amount has been established. *See Singer v. State Farm Mutual Auto Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997).

Defendant denies Plaintiff's allegations of misconduct and intends to defend them vigorously against all of Plaintiff's causes of action. Nevertheless, and without admitting that Plaintiff and/or any member of the putative class can recover any damages, when one considers the maximum potential value of the claims of Plaintiff and the Class Members are aggregated, the number of alleged Class Members, the number of alleged violations of California law, the statute of limitations period embraced by the alleged claims, and the putative class definitions alleged in the State Court Action, the aggregate amount in controversy presented by the case exceeds $5,000,000[4] for the purposes of removal based on the following:

27. For purposes of determining the aggregate amount in controversy[5] for this

[4] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. AGI's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. AGI maintains that each of Plaintiff's claims is without merit and that AGI is not liable to Plaintiff or any Class Member. In addition, AGI denies that liability or damages can be established on a class wide basis. AGI specifically denies that Plaintiff or the Class Members suffered any damages as a result of any act or omission by AGI. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

[5] Although Defendant was not required to do so, Defendant has established that the amount in controversy by referencing Plaintiff's allegations and/or by setting forth information in the notice of removal that demonstrate that the amount in controversy is more likely than not to exceed the

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

removal, Defendant has identified from its records approximately 3,404 non-exempt employees who worked for AGI in California between July 27, 2022 and August 31, 2026. Frazier Decl., ¶ 7(a). The putative class members' hourly rates vary and are dependent upon job title. Between July 27, 2022 and August 31, 2026, the average hourly rate of pay for non-exempt employees was approximately $21.84. The average shift length worked by non-exempt employees was approximately 7.45 hours. Between July 27, 2022 and August 31, 2026, the total number of workweeks worked by non-exempt employees totals approximately 212,370 and the number of pay periods worked by non-exempt employees totals approximately 106,185. Between July 27, 2023 and August 31, 2026, there were approximately 1,641 former non-exempt employees.

28. **Meal Period Violations Claim.** Plaintiff alleges that AGI failed to provide compliant meal periods to Plaintiff and the putative class. Plaintiff alleges Defendant uniformly administered policies and practices that "failed to provide duty-free meal and rest breaks." Complaint ¶ 14. Plaintiff further alleges common questions exist regarding Defendant's purported practice of "failing to provide off-duty meal and rest breaks." Complaint ¶ 15. Plaintiff also alleges that Defendant failed to provide "all requisite uninterrupted meal and rest periods" and that meal and rest breaks were "denied or interrupted due to Defendant's operational demands and flight schedules." Complaint ¶ 39. Plaintiff further alleges that employees worked more than five hours per day without compliant meal periods, and seeks meal-period premiums under Labor Code sections 226.7 and 512. Complaint ¶¶ 63-68. Plaintiff also seeks premium wages for meal period violations in the Prayer. Prayer, ¶ 8.

29. In California, employees are entitled to one hour of "premium pay" for each day during which a meal period violation occurs. Cal. Lab. Code § 226.7(c).

---

jurisdictional minimum. *See also, Rhoades v. Progressive Casualty Ins*., Co., 410 F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc*., 627 F.3d 295, 401 (9th Cir. 2010)).

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Specifically, pursuant to the California Labor Code, "[i]f an employer fails to provide an employee a . . . meal . . . period in accordance with state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the . . . meal . . . period is not provided." *Id*.

30. ***Total Potential Liability For Meal Period Claims.*** Taking as true Plaintiff's claim that Defendant did not provide compliant meal periods to its employees, the Class Members could be eligible for one hour of premium pay for meal periods for each day worked. *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012). Here, Defendant assumes a violation rate of one meal period penalty per workweek based on Plaintiff's broad allegations. Assuming that Defendant failed to provide one meal period each workweek to Plaintiff and the other putative class members, the potential amount in controversy under Section 226.7 for allegedly failing to provide meal breaks would be: 212,370 total workweeks x 1 missed meal period per workweek x $21.84 (average hourly rate) = $4,638,161.

31. **Rest Period Violations Claim.** Plaintiff alleges that AGI failed to provide compliant rest periods to Plaintiff and the putative class. Plaintiff alleges Defendant uniformly administered policies and practices that "failed to provide duty-free meal and rest breaks." Complaint ¶ 14. Plaintiff further alleges common questions exist regarding Defendant's purported practice of "failing to provide off-duty meal and rest breaks." Complaint ¶ 15. Plaintiff alleges Defendant required Plaintiff and other class members to work four or more hours without authorizing or permitting compliant rest periods and failed to pay rest-period premiums. Complaint ¶¶ 73-76. Plaintiff also seeks premium wages under Labor Code section 226.7 in the Prayer. Prayer, ¶ 9.

32. California Labor Code Section 226.7 provides that if an employer fails to provide rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the [ ] rest period was not provided." *Brinker*, *supra,* 53 Cal. 4th at 1039.

33. ***Total Potential Liability For Rest Period Claims.*** Taking as true

Plaintiff's claim that Defendant did not provide compliant rest periods to its employees, the Class Members would be eligible for one hour of premium pay for rest periods for each day worked. *Brinker*, *supra,* 53 Cal. 4th at 1039. Here, Defendant assumes a violation rate of one rest period penalty per workweek based on Plaintiff's broad allegations. Assuming that Defendant failed to provide at least one rest break each workweek to Plaintiff and the other putative class members, the potential amount in controversy under Section 226.7 for allegedly failing to provide rest breaks would be: 212,370 workweeks x 1 missed rest break per workweek x $21.84 (average hourly rate) = $4,638,161.

34. **Unpaid Overtime Claim.** Plaintiff alleges that AGI failed to pay overtime wages to Plaintiff and the putative class. Plaintiff alleges Defendant failed to pay overtime for all hours worked and that common questions exist concerning Defendant's alleged failure to pay overtime compensation. Complaint ¶¶ 12, 15. Plaintiff further alleges that Plaintiff and other class members worked more than eight hours per day and/or forty hours per week and were not paid all overtime wages owed. Complaint ¶¶ 29, 38, 58-60. Plaintiff seeks "all unpaid overtime wages and penalties" under Labor Code sections 510 and 1198. Prayer ¶ 7. He also seeks compensatory damages in the amount of unpaid minimum, regular, and overtime wages. Prayer ¶ 5.

35. ***Total Potential Unpaid Overtime Wages.*** Based on Plaintiff's allegations, and for purposes of this removal, Defendant has identified from its records approximately 212,370 workweeks worked by its non-exempt employees in California between July 27, 2022 and August 31, 2026. Assuming that Plaintiff and the other non-exempt employees were not paid for one hour of overtime per week, the potential amount in controversy under Labor Code § 510 for allegedly failing to provide overtime would be: 1 hour of unpaid overtime per workweek x 212,370 workweeks x $32.76 ($21.84 average hourly rate x 1.5) = $6,957,241.

36. **Waiting Time Penalty Claim.** Plaintiff seeks penalties under California Labor Code section 203. Plaintiff alleges Defendant failed to pay all wages due upon

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

separation of employment and seeks waiting-time penalties on behalf of a putative waiting-time subclass. Complaint ¶¶ 11(h), 14, 32, 41, 77-80. Plaintiff alleges Defendant intentionally and willfully failed to timely pay former employees all earned wages following separation. Complaint ¶ 79. Plaintiff also seeks waiting time penalties pursuant to California Labor Code §§ 201, 202 and 203. Prayer ¶ 10.

37. Under California Labor Code section 203, if an employer willfully fails to timely pay all wages due upon separation, the employee's wages continue as a penalty from the due date at the same rate until paid or until an action is commenced, subject to a maximum of 30 days.

38. ***Total Potential Liability For Waiting Time Penalties***. Based on Plaintiff's allegations, and for the purposes of this removal, Defendant has identified 1,641 former non-exempt employees who worked for AGI between July 27, 2023 and August 31, 2026. Assuming each former employee is owed waiting time penalties, the total amount potentially in dispute for waiting time pentlaites is: 1,641 x 7.45 hours (average shift length) x $21.84 (average rate of pay) x 30 days = $8,010,115.

39. **<u>Wage Statement Violations Claim</u>.** Plaintiff alleges Defendant failed to provide accurate itemized wage statements and that common questions exist regarding the alleged wage-statement violations. Complaint ¶¶ 12, 15. Plaintiff specifically alleges that wage statements failed to include all hours worked and that Defendant failed to provide complete and accurate wage statements. Complaint ¶¶ 34, 43, 81-86. Plaintiff further seeks all penalties pursuant to Labor Code section 226(a). Prayer ¶ 11.

40. ***Total Potential Liability For Wage Statement Violations.*** Based on Plaintiff's allegations, and for purposes of this removal, Defendant has identified from its records approximately 106,185 pay periods worked by its non-exempt employees in California between July 27, 2022 and August 31, 2026. Assuming Plaintiff and the 2020 other putative class members cumulatively worked 48,387 pay periods, and they received $50 per employee for the first pay period and $100 per employee for the

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

subsequent pay periods, not exceeding an aggregate penalty of $4,000 per individual, at least $4,565,500 is potentially in dispute as a result of wage statement violations.

41. **Attorneys' Fees.** Further, this putative wage and hour class action asserts claims under various California Labor Code provisions, including sections 201-203, 510, 512, 1194, 1174, each of which provide for the award of attorneys' fees to a prevailing employee. Plaintiff seeks attorneys' fees under multiple Labor Code provisions, including in connection with his minimum wage, overtime, wage statement, and business expense reimbursement claims. Complaint ¶¶ 50, 61, 86, 97; Prayer ¶¶ 4, 7, 11, 13, 17.

42. Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, may also be considered for purposes of calculating the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, *a reasonable estimate of fees likely to be incurred to resolution* is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.") (emphasis added); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 698 (9th Cir. 2007); *Hurd v. American Income Life Insurance*, 2013 WL 5575073 (C.D. Cal. Oct. 13, 2013); *Melendez v. HMS Host Family Restaurants, Inc*., 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011). When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796,

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

fn. 6.

43. Based on the calculations outlined above, and including attorneys' fees, the potential total amount in controversy exceeds $5,000,000.00 as follows:

| Claim | Amount in Controversy |
| --- | --- |
| Meal Periods | $4,638,161 |
| Rest Periods | $4,638,161 |
| Overtime | $6,957,241 |
| Waiting Time | $8,010,115 |
| Wage Statement | $4,565,500 |
| Attorneys' Fees (25%) | $7,202,294 |
| **Total** | **$36,011,472** |

44. This total amount in controversy excludes Plaintiff's expense reimbursement claim, timely payment during employment claim, and Unfair Competition Law claim, which each place additional amounts in controversy that were not calculated here. Moreover, because certain putative class members are also current employees, and Plaintiff claims that Defendant's unlawful policies are still in place, this amount for the putative class will continue to grow. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018) ("We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the Complaint operative at the time of removal and encompasses all relief a court may grant on that Complaint if the plaintiff is victorious.").

45. Thus, although AGI denies Plaintiff's allegations and theories of maximum recovery, denies that he or the putative class he purports to represent are entitled to any of the relief for which they have prayed, and expressly reserves all its

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

defenses, based on Plaintiff's allegations, the potential amount in controversy just on Plaintiff's First through Third, Fifth and Seventh Causes of action exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

46. Therefore, Plaintiff's Complaint satisfies the amount in controversy requirement under CAFA.

## V. STATEMENT OF SUPPLEMENTAL JURISDICTION

47. To the extent any of the claims alleged in the Complaint do not have an independent basis for federal jurisdiction, the claims are within the supplemental jurisdiction of this court under 28 U.S.C. § 1367(a) in that they are so related to the claims subject to federal jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Considerations of convenience, judicial economy, and fairness to the litigants also strongly favor this Court exercising supplemental jurisdiction over all the underlying alleged violations in Plaintiff's Complaint. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994); *Franco v. E-3 Sys.,* Case No. 19-CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019); *Landy v. Pettigrew, Inc*., Case No. 2:19-cv-07474-RGK-AFM, 29 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (extending supplemental jurisdiction over PAGA claims not covered by the CBA). Thus, this action is removal to its entirety.

## VI. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

48. As set forth above, this Notice of Removal is filed within thirty days of service of process on AGI and all process, pleadings, and orders that have been served (or purportedly served) on AGI in this action are attached hereto in **Exhibit 1** through **Exhibit 11** to the Declaration of Marissa Alguire.

49. Venue lies in the United States District for the Central District of California, pursuant to 28 U.S.C. § 84(c), 1441, and 1446(a). This action was originally brought in the Los Angeles County Superior Court, which is located within the Central

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

District of California. Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

50. As required by 28 U.S.C. § 1446(d), AGI will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of Los Angeles.

51. AGI is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.

52. AGI has sought no similar relief.

53. The prerequisites for removal under 28 U.S.C. §§ 1332(a), (d), 1441 and 1446 are met.

54. If any question arises as to the propriety of the removal of this action, AGI requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

55. By this Notice of Removal and the exhibits attached hereto and the documents filed concurrently herewith, Defendant AGI does not intend to make any admissions with respect to the Complaint, with respect to law or liability relating to the claims in the Complaint, and it expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

## VII. CONCLUSION

56. Based on each of the matters discussed above, Defendant AGI removes the above-captioned to the United States District Court for the Central District of California.

Dated: September 8, 2026

**AKERMAN LLP**

By */s/ Marissa Alguire*

Marissa Alguire
Mojan Anari
Felipe Gomez
*Attorneys for Defendant*
AGI CARGO, LLC

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, Suite 6400, Los Angeles, California 90071.

On September 8, 2026, I served the following document described as

**DEFENDANT AGI CARGO, LLC'S NOTICE OF REMOVAL**

on the persons below as follows:

| | |
|---|---|
| Justin Lo<br>**WORK LAWYERS PC**<br>22939 Hawthorne Blvd., #300<br>Torrance, CA 90505<br>Phone: (310) 248-2944<br>Fax: (424) 355-8535<br><br>Emails :justin@caworklawyer.com | *Attorneys for Plaintiff*<br>Edgar Chandler |

☐ **BY ELECTRONIC SERVICE:** I caused such document(s) to be electronically served on the party identified and no error was received when transmitted.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 8, 2026, at Los Angeles, California.

*/s/ Annie C. Tualla*
Annie C. Tualla